## Republican Election for Supervisors of Derry Township

*William Fearen,* for petitioners.
*Charles N. Caputo,* for respondent.

CALDWELL, J., August 20, 1971.—

## FINDINGS OF FACT

1. A primary election for the nomination of two Republican candidates for the office of township supervisor was held in Derry Township, Dauphin County, Pa., on May 18, 1971.

2. Three candidates, Levi Filipas, William A. Stover and John J. Lepperd, sought the nomination for the two available offices.

3. The names of Levi Filipas and William A. Stover

appeared on row "D" of the ballot and John J. Lepperd's name appeared on the next lower row or row "E."

4. The results of the election were 1,371 votes for Levi Filipas, 1,255 votes for William A. Stover, and 623 votes for John J. Lepperd.

5. Within the time prescribed by law, a group of Derry Township registered electors, including Mr. Lepperd, filed a petition contesting the election and a hearing was held on July 8, 1971.

6. There were sufficient spaces or frames on the ballot to place the three Republican candidates in the same voting row.

7. Due to a breakdown of printing facilities, delivery of the ballots to the Dauphin County Board of Elections was delayed.

8. Due to the delayed receipt of the ballots, the ballots were not proofread by the board of elections before being sent out to the polls.

9. There was no sample ballot available for inspection by the candidates before the election.

10. There was no explanation of how or why the name of John J. Lepperd appeared on row "E" of the ballot while the other two candidates for Republican nomination as township supervisor appeared on line "D."

## DISCUSSION

In the Republican primary election for township supervisors of Derry Township, held on May 18, 1971, two of the candidates (Filipas and Stover) appeared on the first Republican voting row (row "D") and the third candidate (Lepperd) appeared beneath his opponents on row "E."

The candidates on Row "D" handily won the two nominations.

We are asked in the petition of 38 registered electors who voted in the election to declare said election invalid insofar as it pertains to the nomination of candidates for the office of township supervisor in Derry Township. The petition avers that the names of the three Republican candidates for nomination to the office of township supervisor did not appear on the same voting row or column, required by the Act of August 8, 1963, P. L. 614, sec. 1, 25 PS §3010(k).

On July 27, 1971, President Judge Kreider of this court rendered an opinion declaring the nomination of township supervisors in Jefferson Township, Dauphin County, Pa., invalid, (June term 1971, no. 206). Judge Kreider's opinion refers in detail to the various provisions of the Election Code which are applicable to a proceeding of this nature. We shall not repeat this discussion and think it sufficient for the purposes of this case to note that all the formal and procedural requirements of the Election Code have been complied with to bring this matter properly before us for disposition.

The Act of August 8, 1963, P. L. 614, sec. 1, 25 PS §3010(k), provides, in part, as follows:

"Except as hereinafter provided in primary elections where there are a sufficient number of ballot frames on one row or column to accommodate all the candidates of a political party, the names of all the candidates shall appear on that row or column . . . Where there are four or more candidates for a particular office, the names of the candidates may be divided between the rows or columns as equally as possible . . ."

There is no doubt that the provisions of the Election Code in this case were not complied with. As reference to the ballot will disclose, there were two blank ballot

frames at the end of Row "D" and compliance with the statute presented no problem.

There have been no decisions interpreting the Act of 1963, but a similar statute in Rhode Island, which required candidates' names to be listed horizontally on the ballot, was held to be a mandatory provision of the election law in Nugent v. LaFrance, 164 A. 2d 230 (1960). We have concluded that the Pennsylvania statute is likewise a mandatory expression of the legislative will and must be strictly interpreted and applied in this case, even though the violation was not raised until after the election. We cannot, of course, determine if the outcome of the election would have been different, but we have no doubt that Mr. Lepperd was prejudiced by the ballot arrangement and that the division of votes between the candidates would not have been the same had all three candidates appeared on Row "D," as required by law.

If such a provision is not treated in a mandatory fashion, it has little meaning, and our Supreme Court has held that "Where the legislature has regulated the form of a ballot, it does not lie within the power of any officer to change that form." See Davidowitz v. Phil Co., 324 Pa. 17, 27 (1936). The legislature, by this statute, has recognized what is too well known to be ignored, that the candidate whose name appears on a ballot at some place other than a customary location is running at a serious handicap.* Substantial evi-

---

*It is interesting to note that on the same ballot the six Republican candidates for three school directorships in Derry Township were placed on two different voting lines. The three candidates on the first, or customary, line easily won the nominations with votes of 1,080, 1,562 and 1,048. The candidates on the second or lower line received votes of 717, 392 and 303.

Also to be noted is the fact that in the same election the 11 candidates for the three Republican nominations for judge in

dence was presented on behalf of the petitioners attesting to the difficulty in locating the name and voting lever of Mr. Lepperd. Our own observation of the ballot used in the election indicates the inherent disadvantage of the candidate whose name is not displayed to the voters on the same basis as his opponents. The voters were instructed on the ballot for township supervisor to "vote for two," and at first glance it would appear that only the two candidates on row "D" were running for nomination. It is only after a period of study that one realizes the Republican candidates for township supervisor are listed on two different lines of the voting machine and that there are three candidates for two nominations.

We think the observation is self-evident that the legislature acted wisely in requiring that candidates for public office be placed on an equal footing, insofar as the ballot is concerned, whenever possible. We are entirely satisfied that the situation in the instant case arose through error, but if a board of elections was unrestricted in the make-up and form of the ballot, it would, in a given case, have the power to place political candidates at a great disadvantage by the mere expediency of the ballot arrangement. The legislature did recognize that in certain elections it might not be possible to place all candidates on one row, and in those cases it provided for a division of candidates between rows, but only where there are four or more candidates for an office.

Dauphin County were divided between two voting rows, with eight candidates on the first row and three on the second. The eight first-row candidates each received a larger vote than any of the candidates on the second row. This was true in Derry Township and in the overall voting in Dauphin County. (Two of the candidates on the first row and one candidate on the second row were members of the Democratic Party who cross-filed for the Republican nomination for the office of judge.)

Due to the fact that a sample ballot was not available for inspection prior to the election, we think it would be unrealistic to affirm the results of the election on the basis that the violation was not attacked prior to the election. Under the circumstances of this case, we believe the election must be declared invalid insofar as it pertains to the nominations of Republican candidates for township supervisor.

## CONCLUSIONS OF LAW

1. The use of two voting rows or columns on the ballot in the Republican primary election of May 18, 1971, in Derry Township, Dauphin County, Pa., for the office of township supervisor was in violation of the provisions of the Act of August 8, 1963, P. L. 614, sec. 1, 25 PS §3010(k).

2. The Republican primary election in Derry Township must be declared invalid insofar as it pertains to the office of township supervisor in Derry Township.

3. The primary election pertaining to the nomination of candidates for township supervisor of Derry Township, Dauphin County, Pa., being invalid, it becomes the duty of the appropriate committee of the Republican Party of Dauphin County, Pa., to select nominees for said office in compliance with section 979 of the Election Code of Pennsylvania, 25 PS §2939. Accordingly, we enter the following

## ORDER

And now, August 20, 1971, the primary election held May 18, 1971, insofar as pertains to the selection of candidates on the Republican ticket for the office of township supervisor of Derry Township, Dauphin County, Pa., is hereby declared to be invalid. It is directed that two substituted nominations be made for

the said office of township supervisor of Derry Township by such committee as is authorized by the rules of the Republican Party to make nominations in the event of vacancies on the party ticket.

A copy of this opinion and order shall be forthwith sent by the prothonotary to Levi Filipas, William A. Stover, John J. Lepperd and the Dauphin County Republican Committee, James F. Keiser, Chairman.